**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4319

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARKEITH JAMAR NORMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:21-cr-00273-NCT-1)

Submitted:  February 23, 2023                                    Decided:  March 30, 2023

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Michael E. Archenbronn, MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markeith Jamar Norman pleaded guilty, pursuant to a written plea agreement, to aiding and assisting in the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2). The district court sentenced Norman to 27 months of imprisonment. On appeal, Norman's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of Norman's sentence. Norman has not filed a pro se supplemental brief despite being notified of his right to do so. The Government did not file a brief. Finding no error, we affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021). "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the [Sentencing] Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

2

During the sentencing hearing, the district court accurately calculated Norman's advisory Guidelines range, accorded Norman an opportunity to argue for an appropriate sentence, addressed Norman's arguments, considered the § 3553(a) factors, and adequately explained the chosen sentence.   Accordingly, Norman's sentence is procedurally reasonable.  We further conclude that Norman has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Norman, in writing, of the right to petition the Supreme Court of the United States for further review.  If Norman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Norman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*